IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TONEY MAURICE KEITH, SR., :
(AIS # 196584)
:
    Plaintiff,
:
vs.                                            CIVIL ACTION 13-019-CG-M
:
ATMORE POLICE DEPARTMENT,
*et al.*, :
    Defendants. :

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review of the complaint, it is recommended that Defendants Atmore Police Department, Escambia County Detention Center, and Stephen Billingsley and Company be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   Summary of Alleged Facts in Complaint**

Plaintiff is a pre-trial detainee at Escambia County Detention Center ("E.C.D.C."). (Doc. 1). He claims that he was arrested without probable cause on March 16, 2012, for second-degree burglary and theft of property and is currently being

1

falsely imprisoned at E.C.D.C. (Id. at 4). Plaintiff states that his Fifth and Fourteenth Amendment rights were violated at his arraignment because he was not shown a copy of his arrest warrant. (Id.). Named defendants in the action are Atmore Police Department and E.C.D.C. for allegedly using intimidation to persuade him to incriminate himself (id. at 5), and Stephen Billingsley and Company for falsely imprisoning him based solely on hearsay and setting an excessive bond amount. (Id.). Plaintiff filed this § 1983 action on January 17, 2013, and seeks monetary damages in the amount of $250,000, as well as, his release from jail and his "rights restored." (Id. at 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[1] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, or the claim seeks

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

2

to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court

3

gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Inv. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 566 U.S. 662). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis**

A city's police department is not a suable entity or a proper party under state law for § 1983 purposes. Hawkins v. City of Greenville, 101 F. Supp.2d 1356, 1363 (M.D. Ala. 2000); *accord*. Robinson v. Hogansville Police Dep't, 159 Fed. Appx. 137, at **1 (11th Cir. Dec. 15, 2005) (affirming the dismissal of the complaint against a Georgia city policy department and the granting of a motion to set aside the default)

4

(unpublished);[2] Mann v. Hillsborough Cnty. Sheriff's Office, 946 F. Supp. 962, 970-71 (M.D. Fla. 1996) ("[T]he city police department is not a legal entity and has no legal existence separate and part from the city."); Eddy v. Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."); Reese v. Chicago Police Dep't, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (finding a police department does not have a legal existence separate from the city and, therefore, is not a suable entity). Inasmuch as the Atmore Police Department is not a suable entity under Alabama law, the claim against Defendant Atmore Police Department is frivolous.[3] Furthermore, considering

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

[3] "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.'" Turquitt v. Jefferson Cnty., 137 F.3d 1285, 1287 (11th Cir. 1998)(quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986)), cert. denied, 525 U.S. 874 (1998). Plaintiff alleges no such act, policy, or custom by Atmore Police Department, nor can the Court find a suggestion of such in Plaintiff's complaint. Therefore, it is recommended that Atmore

that Plaintiff's descriptive allegations lack specific facts reflecting a claim that is plausible on its face, the Court concludes that dismissal of this party from the action is warranted.

Analogously, under Alabama law, E.C.D.C. is not a suable entity. Russell v. Mobile Cnty. Sheriff, No. Civ. A. 00-0410-CB-C, 2000 WL 1848470 (S.D. Ala. Nov. 20, 2000) (unpublished) (finding that the Mobile County Jail is not a suable entity); Marsden v. Fed. Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (finding that the jail is not an entity amenable to suit); House v. Cook Cnty. Dep't of Corr., No. 98 C 788, 1998 WL 89095 (N.D. Ill. Feb. 13, 1998) (unpublished) (same); May v. North Cnty. Det. Facility, No. C 93-1180 BAC, 1993 WL 300290 (N.D. Cal. July 21, 1993) (unpublished) (same); see also Castillo v. Cook Cnty. Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (finding that because the jail is not a suable entity, then it follows that the subdivision, the mail room, is not a suable entity). Therefore, the Court determines that the E.C.D.C. is not a suable entity or a person for § 1983 purposes.[4]

---

Police Department be dismissed from this action.

[4] Plaintiff alleges no specific conduct or constitutional violation by E.C.D.C. The only relation Defendant E.C.D.C has to Plaintiff's claims is that it is the location where Plaintiff is currently incarcerated. Plaintiff alleges E.C.D.C. persuaded him to incriminate himself, but E.C.D.C. cannot be held liable

Accordingly, Plaintiff's claim against this defendant is frivolous as a matter of law and should be dismissed.

As to Defendant Stephen Billingsley and Company, Plaintiff's complaint lacks necessary details to pursue this action. In order to state a claim under § 1983, Plaintiff must be deprived of a federal right by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The complaint does not allege that Defendant acted under color of state law, nor is the Court convinced that Defendant is a "person" for § 1983 purposes. In fact, it is unclear who Defendant Stephen Billinglsey and Company is?[5] Defendant's name indicates it is a private business, and the allegations do not plainly articulate a traditional state function performed by the company. Inasmuch as Stephen Billingsley and Company is not a "person" for § 1983 purposes, Plaintiff's complaint against Defendant Stephen Billingsley and Company is frivolous

---

for this claim. Holding a defendant liable solely for the actions of a subordinate or employee is not recognized as a theory of liability under § 1983. See Monell v. Dep't of Soc. Serv. of New York, 436 U.S. 658, 691-92 (1978) (holding that in a § 1983 action the city could not be held liable either vicariously or under the theory of *respondeat superior* for the acts of an employee). Therefore, Plaintiff's claim against Defendant E.C.D.C. fails and should be dismissed.

[5] The Court performed Internet searches in attempt to identify the defendant, but found no evidence of any person or company by the name Stephen Billinglsey and Company.

as a matter of law.

Additionally, the allegations against Defendant Stephen Billingsley and Company are not clear or detailed enough to show plausibility; thus, Plaintiff has failed to state a claim against Defendant upon which relief may be granted.[6]  Twombly, 550 U.S. at 555, 557 (holding that a claim lacking in plausibility fails to state a claim upon which relief can be granted); see also Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Accordingly, it is recommended that this defendant be dismissed as frivolous, prior to service of process.

Furthermore, if in naming Defendant Stephen Billingsley and Company, Plaintiff actually intended to name Stephen Billy, the District Attorney of Brewton, Alabama, as defendant, his claim would also fail.  Plaintiff alleges that the unfamiliar defendant in question is liable for falsely imprisoning him

---

[6] Plaintiff has failed the describe in any detail his allegations against Atmore Police Department and E.C.D.C. of persuading him to incriminate himself in violation of his Fifth and Fourteenth Amendment rights.  (Doc. 1 at 5).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Thus, the claims against Defendants are due to be dismissed for failure to state a claim and well as being frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

8

based on hearsay, denied him due process, and set an excessive bond amount. (Doc. 1 at 5). These appear to be allegations that one might have against a prosecuting attorney. With that said, prosecutors are absolutely immune from damages from acts associated with their positions. See Imbler v. Pachtman, 424 U.S. 409 (1979)(State prosecuting attorneys acting within the scope of their duties in initiating and pursuing a criminal prosecution are absolutely immune from a civil suit for damages under § 1983). Any possible claim against the District Attorney or the prosecuting attorney in Plaintiff's criminal case would be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that that Defendants Atmore Police Department, Escambia County Detention Center, and Stephen Billingsley and Company be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i)-(iii).[7]

---

[7] In addition to the aforementioned explanations and reasoning for dismissal of this action, Plaintiff also requests inappropriate relief from a § 1983 action. Plaintiff seeks monetary damages, his release from jail, and his rights restored. (Doc. 1 at 7). As discussed above, monetary damages are not obtainable from parties who are immune from suit. Also, the Court cannot grant Plaintiff the requested injunctive relief (release from jail) through a § 1983 action. See Abella v. Rubino, 63 F.3d 1063 (11th Cir. 1995)(Plaintiff's "declaratory and injunctive relief claims challenge the validity of his

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); F~ED~.R.C~IV~.P. 72(B); S.D. A~LA~. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 16th day of September, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

---

conviction. Because these claims are not cognizable *Bivens* claims, the district court did not err in dismissing [them.]"). Release from incarceration cannot be gained in § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Allen v. Thompson, 815 F.2d 1433, 1435 (11th Cir. 1987). Release can only be granted in a habeas corpus proceeding. 411 U.S. at 500. Additionally, this Court generally cannot intervene with injunctive relief in an on-going, criminal proceeding in state court. Younger v. Harris, 401 U.S. 37 (1971).